**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOHNNY LONG,**

    **Plaintiff,**

**v.**                                                                                      Case No. 8:04-cv-2096-T-30MSS

**MAIN STREET COMMUNITY PLAZA,
LLC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law (Dkt. # 25) and the parties Joint Stipulation Regarding Plaintiff's Fees, Expenses, and Costs and Motion for Approval by the Court (Dkt. # 26). The Court, having considered the motion and having reviewed the records of Plaintiff's counsel and expert, finds that the motion should be granted in part and denied in part.

### A.  BACKGROUND

This action is an action brought to enforce Title III of the Americans with Disabilities Act, 42 U.S.C. § 12131, <u>et seq.</u> (the "ADA"). It is one of dozens of actions brought by Plaintiff. In settling this matter, Plaintiff is seeking attorney's fees, expert's fees and costs in the amount of $6,498.02.

According to the records, Plaintiff's attorney worked 14.7 hours at a rate of $250.00 per hour for a total of $3,675.00 in attorney's fees and incurred $233.02 in costs. The records also indicate that Plaintiff's experts billed $2,590.00 for preparation of the initial report and review of the settlement agreement.

### B. ATTORNEY'S FEES

This Court concludes that 14.7 hours of work is unreasonable and excessive for this type of case. There were no novel or complex motions filed by either party and the parties quickly reached a settlement agreement. This Court concludes that the 14.7 hours billed should be reduced to 9.4 hours. Applying the reduction in hours, this Court concludes that a fee of $2,350.00 (9.4 hours at $250.00 per hour) is reasonable and an appropriate fee for Plaintiff's counsel. Therefore, this Court will approve the parties settlement in so far as it contains attorney's fees in that amount.

### C. EXPERT'S FEES

This Court concludes that the expert's fees billed in this matter should also be reduced. Plaintiff's motion for expert's fees states that the expert charged $1,850.00 for preparation of the initial report and an additional $740.00 for review of the settlement agreement. Invoices attached to Plaintiff's motion state that the expert spent 10 hours preparing the initial report and 4 hours reviewing the settlement agreement. Although the expert's records do not specify how much time the expert spent on each specific task, it appears that the invoices contain a significant amount of charges for secretarial and administrative time. Moreover, it appears that there is some duplication between tasks

performed by Plaintiff's attorney and Plaintiff's expert. This Court concludes that five (5) hours was a reasonable amount of time for the preparation of the initial report and two (2) hours for review of the settlement agreement. Additionally this Court concludes that $150.00 per hour for the ADA expert's time is reasonable and appropriate under the circumstances. Accordingly, this Court reduces the expert fees payable under the motion to $1,050.00.

### D.   COSTS

Next, this Court concludes that the amount of costs ($233.02) included in the motion should also be reduced. Pursuant to 28 U.S.C. § 1920, a party may tax certain costs incurred in an action, including clerk fees, court reporter fees (if the transcript is necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters. In <u>Duckworth v. Whisenant</u>, the Eleventh Circuit held that charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable. 97 F.3d 1393, 1399 (11th Cir. 1996).

Plaintiff's counsel seeks recovery of certain overhead items as costs, including photocopies and postage. This Court concludes these amounts are not recoverable from Defendant. Therefore, this Court concludes that $210.00 (filing fee and service of process) is recoverable and taxable as costs for Plaintiff and approves Defendant to pay Plaintiff's counsel that amount.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law (Dkt. # 25) is GRANTED IN PART AND DENIED IN PART.

2. The Court approves payment by Defendant to Plaintiff of fees and costs in the amount of **$3,610.00** ($2,350.00 in attorney's fees, plus $1,050.00 in expert's fees, and $210.00 in costs).

3. Mr. Shulby is once again cautioned that vague billing entries such as "review correspondence from opposing counsel" and "draft correspondence to client" are insufficient and that more specific detail will be required in the future.

4. The Clerk is directed to close the file and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2096.ada atty fees.wpd